IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROLD DESMOND FORNEY,<br><br>        Plaintiff,<br><br>  v.<br><br>CTF DR. TRENT, et al.,<br><br>        Defendants. | No. C 11-2841 LHK (PR)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE; DIRECTING PLAINTIFF TO COMPLY WITH COURT ORDER OR FACE DISMISSAL FOR FAILURE TO PROSECUTE |

      Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. On October 21, 2011, the Court served the amended complaint on named Defendants. On January 20, 2012, counsel for Defendants made her appearance, and filed an answer.

      On February 13, 2012, inmate Laurince O'Sheigh Simpson filed an ex parte request, purportedly on behalf of Plaintiff. In his request, Simpson states that he is the designated "document drafter" for Plaintiff, and he requests that the Court acknowledge him as such, and provide him with future copies of case-related documents in the underlying case. Defendants file a motion to strike the ex parte request, arguing that it should be stricken because Simpson is not a party to the case, nor is he an attorney. Further, they argue, Simpson has no legitimate basis to prosecute this action on behalf of Plaintiff. The Court agrees with Defendants. Mr. Simpson, who is not an attorney licensed to practice in the State of California, is not permitted to appear on Plaintiff's behalf in any proceeding in this Court. Plaintiff must either appear *pro se*, or must

be represented by a licensed attorney who is a member of the bar of this Court or is admitted to practice pro hac vice. *See* Civil L.R. 3-9(a). Accordingly, Defendants' motion to strike Mr. Simpson's ex parte request is GRANTED. The Clerk shall strike docket number 26.

In addition, Defendants have informed the Court that Plaintiff was paroled as of November 27, 2011. (Decl. Gruenberg at ¶ 4.) Plaintiff, however, has not notified the Court of this. Pursuant to the Civil Local Rules of this district, "a party proceeding *pro se* whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address." *See* Civ. L. R. 3-11(a). Additionally, in its Order of Service, issued in this matter on October 21, 2011, the Court informed Plaintiff of his continuing obligation to prosecute, and warned him that he must keep the Court and all parties informed of any change of address, and must comply with the Court's orders in a timely fashion, or face dismissal pursuant to Federal Rule of Civil Procedure 41(b).

As it appears that Plaintiff has not kept the Court informed of his current address, the instant action is subject to dismissal for failure to prosecute. Accordingly, the Court hereby orders as follows:

Within **twenty** days of the date this order is filed, Plaintiff shall notify the Court of his current address and whether he intends to proceed with the prosecution of this action. If Plaintiff fails to do so, the action will be dismissed for failure to prosecute, based on Plaintiff's failure to comply with the Court's orders.

The Clerk shall mail a copy of this order to Plaintiff at his most recent address of record at Central Training Facility - North.

This order terminates docket numbers 26 and 27.

IT IS SO ORDERED.

DATED:  4/9/12

LUCY H. KOH
United States District Judge

Order Granting Defendants' Motion to Strike; Directing Plaintiff to Complaint with Court Order or Face Dismissal for Failure to Prosecute
P:\pro-se\sj.lhk\cr.11\Forney841srvac         2